*542 MEMORANDUM *
Barja Inc. and Fry’s 710 Freeway Investment, Inc. (“Appellants”) appeal the district court’s summary judgment in favor of Equilon Enterprises, LLC. Appellants operated Shell-brand service stations in California pursuant to Retail Facility Lease and Retail Sales Agreements with Equilon. They allege that Equilon failed to comply with California Business & Professions Code § 20999.25 when it decided to sell the service stations as part of a bulk transaction but did not properly extend right of first refusal offers (“ROFRs”) to appellants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Parties to a bulk purchase transaction may allocate a portion of the total purchase price to a single site in order to allow an existing franchisee to exercise a right of first refusal, as long as the valuation of the individual property is readily apparent from the bulk offer and the valuation has not been manipulated to the franchisor’s advantage. Forty-Niner Truck Plaza, Inc. v. Union Oil Co. of Cal., 58 Cal.App.4th 1261, 1279-80, 68 Cal.Rptr.2d 532 (Cal.Ct.App.1997) (citing Arnold v. Amoco Oil Co., 872 F.Supp. 1493, 1499 (W.D.Va.1995)). Appellants have failed to raise genuine issues of material fact either that the valuations of the individual sites were not readily apparent from the bulk offer or that Equilon manipulated the individual property valuations. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Likewise, appellants have failed to raise a genuine issue of material fact that the ROFRs here did not “approach! ] fair market value under an objectively reasonable analysis,” Forty-Niner, 58 Cal.App.4th at 1281, 68 Cal.Rptr.2d 532 (citations omitted), and thus were not bona fide offers under § 20999.25(a).
Appellants remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.